[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO RESTORE CASE TO DOCKET
The motion before this court highlights the need for a procedure for limiting at-will withdrawals of civil cases.
This court had scheduled oral argument on the defendants' motion for summary judgment in the above-captioned case for the afternoon of June 4, 2002. The case was commenced in December 2000, and had thus been pending for seventeen months before the date set for oral argument on this potentially dispositive motion. A few hours before the scheduled argument, the plaintiff filed a withdrawal of the case.
The plaintiff then filed another lawsuit based on the same transactions and events, commencing suit in the judicial district of New Haven. The defendants have moved to restore the withdrawn case to the docket, noting that the effect of the plaintiffs actions will be to delay the resolution of the dispute, whether that resolution comes by motion or by trial.
As the plaintiff points out in its objection to the defendants' motion, its conduct is authorized by Conn. Gen. Stat. § 52-80. That statute provides that a party may withdraw any action "before the commencement of a hearing on the merits thereof." The statute provides that "[a]fter the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . . only by leave of the court for cause shown."
Since the plaintiff withdrew his complaint before any hearing on the merits, the statute allowed him to do so at will, with no need for leave of the court and no recognition of the potential burdens imposed on opposing parties by a withdrawal. The statute contains no provision that such withdrawal is with prejudice to refiling. The Appellate Court has ruled that "The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by § 52-80, is absolute . . ."Sicaras v. Hartford, 44 Conn. App. 771, 775, cert. denied, 241 Conn. 916
CT Page 13030 (1997).
The Federal Rules of Civil Procedure, by contrast, provide that any withdrawal other than as part of the resolution of the case requires leave of the court and may be allowed only on the basis that it will not be refiled, that is, that the withdrawal is "with prejudice." Rule 41 of the Federal Rules of Civil Procedure provides that a party may withdraw a case without prejudice as of right up to the time that it has been served with an answer or a motion for summary judgment by the adverse party. After that point, a party may withdraw a claim only upon order of the court and "upon such terms as the court deems proper," and the court has the option to authorize withdrawal with or without prejudice to refiling. Fed.R.Civ.P. 41 (a) (2) ("Unless specified in the order, a dismissal under this paragraph is without prejudice"). This provision enables federal trial courts to prevent parties from avoiding trial dates by withdrawing cases and bringing the same claims again. The federal rules do not, of course, apply in this court.
The plaintiff's withdrawal of this suit was authorized by the provisions of § 52-80. Because of the provisions of this statute, this court has no authority to order a party to reinstitute a suit after that party has exercised his statutory option to withdraw it. Contrary to the defendants' contention, Sicaras v. Hartford, supra, 44 Conn. App. 771, does not support the proposition that a court may order a case restored to the docket against the desire of the plaintiff The situation inSicaras was the very different matter of enforcement of a settlement agreement. Judge Berger ordered that case restored to the docket only because its withdrawal had been conditioned on the performance of other obligations set forth in the settlement agreement, and the issue was enforcement of that agreement pursuant to Audubon Associates v. Barclay Stubbs, Inc. 225 Conn. 804 (1993). In Sicaras, the court had authority to enforce the agreement, and therefore it had authority to restore the case to the docket for that purpose. No such authority exists in the circumstances presented in the case before this court.
The court expresses no opinion on the viability of the new suit that was commenced in another judicial district. That case has been transferred to the Complex Litigation Docket and any contentions will undoubtedly be pursued by appropriate motions.
Conclusion
The motion to restore the above-captioned case to the docket is denied for the foregoing reasons. ___________________ Beverly Hodgson Date Judge of the Superior Court CT Page 13031
[EDITORS' NOTE: This page is blank.] CT Page 13032